# IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYRONE WALKER, §
§ No. 69, 2015
    Defendant Below, §
    Appellant, § Court Below: Superior Court
§ of the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE, § Cr. ID No. 1102019692
§
    Plaintiff Below, §
    Appellee. §

Submitted: June 23, 2015
Decided: September 10, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 10th day of September 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On April 11, 2011, Walker was charged in a twenty-five count indictment on four counts of Assault in the First Degree, twelve counts of Possession of a Firearm During the Commission of a Felony, two counts of Assault in the Second Degree, six counts of Reckless Endangering in the First Degree, and one count of Possession of a Firearm by a Person Prohibited. On November 29, 2011, Walker pled guilty to three counts of Assault in the First Degree and one count of Possession of a Firearm During

the Commission of a Felony, and the State dismissed the other counts in the indictment. On June 8, 2012, the Superior Court sentenced Walker to a total of thirty-nine years at Level V imprisonment suspended after thirty-seven years for decreasing levels of supervision.[1]

(2) On April 23, 2013, Walker filed a motion for postconviction relief under Superior Court Criminal Rule 61. Walker alleged that his guilty plea was involuntary due to the ineffective assistance of his trial counsel. According to Walker, but for the ineffectiveness of his trial counsel, Walker would not have pled guilty. Postconviction counsel ("Postconviction Counsel") was appointed to represent Walker. Postconviction Counsel filed an amended motion for postconviction relief and a request for an evidentiary hearing. Walker's former trial counsel filed an affidavit in response to the allegations of ineffective assistance of counsel in the amended postconviction motion, the State filed a response to the amended postconviction motion, and Postconviction Counsel filed a reply.

(3) By order dated October 10 and filed on October 13, 2014, the Superior Court denied the amended motion for postconviction relief as

---

[1] At the same sentencing proceeding, Walker was sentenced to eight years at Level V in a different case, Cr. ID No. 1009006104, for his June 2011 convictions for Reckless Endangering in the First Degree and Possession of a Firearm During the Commission of a Felony. That case is not the subject of this appeal.

without merit and denied the request for an evidentiary hearing. Postconviction Counsel moved for reargument of the October 10 order, and the Superior Court directed the State to file a response. Upon review of the State's response, Postconviction Counsel withdrew the motion for reargument. On January 23, 2015, the Superior Court entered an order confirming its prior order of October 10, 2014, denying the amended motion for postconviction relief. This appeal followed.

(4) On appeal, Postconviction Counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).[2] Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel represents that she provided Walker with a copy of the motion to withdraw and the accompanying brief and informed Walker of his right to identify any points he wished this Court to consider on appeal. Walker has not submitted any points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for

---

[2] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).

arguable claims.[3] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(6) In this case, having conducted "a full examination of all the proceedings" and having found no nonfrivolous issue for appeal,"[5] the Court concludes that Walker's appeal is "wholly without merit."[6] The Court is satisfied that Postconviction Counsel made a conscientious effort to examine the record and the law and properly determined that Walker could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson v. Ohio*, 488 U.S. at 81.

[5] *Id.* at 80.

[6] *See supra* note 1.